UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

       v.

JASON WASHINGTON,

              Defendant.

**DECISION AND ORDER**
00-CR-199S (11)

1.      On June 24, 2013, Defendant Jason Washington moved to expunge his conviction on the basis of his post-conviction rehabilitation. (Docket No. 919.) The government opposes Defendant's motion. For the reasons below, Defendant's motion is denied.

2.      On April 19, 2005, a federal trial jury found Defendant guilty of conspiring to possess with intent to distribute and to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846, as it relates to 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). (Docket Nos. 527, 588.) On September 7, 2005, this Court sentenced Defendant to 51 months of imprisonment and three years of supervised release. (Docket Nos. 583, 588.)

3.      Defendant now seeks expungement of his conviction based on his post-conviction rehabilitation. He highlights the advances he has made in his employment and the computer training he has undergone. He also notes that he has had a child since his release from incarceration and that he has abided by all the terms of his supervised release. Defendant further maintains that his criminal conviction is hampering his ability to advance his career in the computer field.

4. "[E]xpungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances.' In determining whether such circumstances exist, courts have considered the delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (internal quotation marks and citations omitted). "In considering these equities, courts must be cognizant that the power to expunge is a narrow one, and . . . should be reserved for the unusual or extreme case." Id. at 539 (internal quotation marks and citation omitted).

5. Here, although commendable, Defendant's post-conviction rehabilitation does not present an unusual or extreme case. Put simply, Defendant's desire to expunge his conviction in the hopes of advancing his career does not justify expungement. See, e.g., United States v. Gaskin, No. 99-CR-158, 2010 WL 1221589, at *2 (E.D.N.Y. Mar. 25, 2010) ("While Defendant['s] record has caused him difficulty in finding employment — and even though he currently has the opportunity to become employed pending his record's expungement — adverse employment decisions are a result of arrest and conviction, and do not constitute grounds for expungement."); Slansky v. White, No. 96 Civ. 2338, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996) (same).

6. Although expungement is not justified under the law, Defendant's post-conviction adjustment is no less laudable or worthy of commendation. Defendant's motion, however, must be denied.

IT HEREBY IS ORDERED, that Defendant's Motion to Expunge (Docket No. 919) is DENIED.


Dated:     August 15, 2013
           Buffalo, New York


                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    Chief Judge
                                                    United States District Court